REQUESTED BY: Senator Elroy M. Hefner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Hefner:
This is in response to your letter of April 9, 1985. In that letter you request our opinion on the constitutionality of the amended version of LB 715 which retains a sales and use tax exemption for newspapers, but deletes the current exemption for magazines or journals which are published at longer intervals. Your question is essentially whether or not this classification creates equal protection problems, or in the alternative is a violation of the First Amendment right of freedom of the press.
As to the question of classification, the Nebraska Supreme Court has held that:
 The Legislature may make a reasonable classification of persons, corporation, and property for purposes of legislation concerning them, but the classification must rest upon real differences of situations and circumstances surrounding the members of the class relative to the subject of the legislation which render appropriate its enactment. . . . While it is competent for the Legislature to classify for purposes of legislation, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest that justice or expediency of diverse legislation with respect to the objects to be classified.
Prendergast v. Nelson, 199 Neb. 97 at 112, 256 N.W.2d 657
(1977).
The reasons for the difference in treatment here are not readily apparent, however, this is not to say that such reasons may not exist. From this standpoint alone, we cannot say that such a classification is unconstitutional as a matter of law, but only that without substantial justification for this difference in treatment, the potential for an improper classification most certainly exists.
The problem in this case, however, is further complicated by the fact that we are dealing with taxation of the press which receives some special considerations by virtue of the First Amendment to the United States Constitution. As we indicated in our Opinion No. 42, dated March 25, 1985, general sales taxes levied against the press and other types of businesses where the legitimate purpose of the tax is to raise revenue are not unconstitutional, since neither the intent nor the effect of the law is to act as a prior restraint upon publication.
The present form of LB 715, however, singles out a particular element of the press for differential treatment. In the case of Minneapolis Star v. Minnesota Commissioner of Revenue, 460 U.S. 575 (1983), the Court stated that "we think that recognizing a power in the State not only to single out the press but also to tailor the tax so that it singles out a few members of the press presents such a potential for abuse that no interest suggested by Minnesota can justify the scheme." Id. at 592. "A tax that singles out the press, or that targets individual publications within the press, places a heavy burden on the state to justify its action." Id. at 592, 593. The singling out of a certain element of the press for differential treatment, here magazines and journals on one hand as opposed to newspapers on the other, thus creates some very serious potential constitutional problems. This is particularly true where there are no obvious reasons for that difference in treatment. From this standpoint then, we must conclude that this aspect of LB 715 is constitutionally suspect.
Very truly yours,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General